

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 27, 1990

Mr. Merrill L. Hartman
Chairman
Court Reporters Certification Board
P. O. Box 13131
Austin, Texas  78711-3131

Opinion No.  JM-1273

Re:  Whether section 52.021(e) of the Government Code applies to a Texas resident and related questions  (RQ-2158)

Dear Mr. Hartman:

You ask about the effect of a recent amendment to chapter 52 of the Government Code. [Hereinafter, all references are to the Government Code unless otherwise indicated.] Chapter 52 provides for the Court Reporters Certification Board and governs the certification of shorthand reporters. The board administers the shorthand reporters certification examination and determines the qualifications and eligibility of applicants for certification. Gov't Code § 52.013(a). Eligible applicants are recommended by the board to the Texas Supreme Court for certification by the court. Id. § 52.021.

Only those persons certified as shorthand reporters by the court may be appointed as official court reporters or permitted to engage in shorthand reporting. Id. § 52.021(a), (b). Shorthand reporting is defined by section 52.001 as

> the practice of shorthand reporting for use in litigation in the courts of this state by making a verbatim record of an oral court proceeding, deposition, or proceeding before a grand jury, referee, or court commissioner using written symbols in shorthand, machine shorthand, or oral stenography.

Id. § 52.001(5). Before the addition of section 52.021(e), chapter 52 prescribed one method by which a person could seek certification as a shorthand reporter. To be eligible for certification, an applicant was required to pass a two-part certification examination and pay a fee prescribed by the board. Id. §§ 52.022, 52.023. Part A of the examination tests proficiency in taking and transcribing dictation. Part B consists of objective questions testing knowledge of shorthand reporting, spelling, and grammar. Id. § 52.023.

We note that residency is  not a requirement for taking  the Texas examination.

You ask about section 52.021(e), which was added by the 71st Legislature.  The amendment provides:

> A person who has successfully completed  a registered professional reporter's examination administered by  the National  Shorthand Reporters Association  having  standards  and requirements equivalent to or more  difficult than those  prescribed by  this chapter,  who has made proper application for and  successfully passed Part  B  of  the  certification examination    administered    by    the    Court Reporters Certification Board, and  who  has been actively  engaged  in  the  practice  of shorthand reporting  while  maintaining  continuous membership in  the national  association is  entitled  to  be  certified  to  the supreme  court  in  the  manner  provided  by Section 52.024.

S.B. 297, Acts 1989, 71st Leg.,  ch. 367, § 1, at 1456.   In other words, the statute now  provides a method for  certain persons to become certified without having to complete  Part A of the state examination.  To qualify under the  provision quoted above, a person must have (1) successfully  completed a national test deemed by the board to be at least equal  in difficulty to Part A  of the state test;  (2) passed Part  B of the state  test; and  (3) been  actively engaged  in  the practice of  shorthand  reporting  while  a  member  of  the association administering the national examination.

Specifically, you ask whether this language provides an alternative method for Texas residents to obtain  certification or whether the amendment  applies only to out of  state applicants  who  are  seeking  Texas  certification  through reciprocity.  We read section 52.021(e) to provide an alternative method for seeking certification.  We find nothing in the words of the amendment  limiting its application to  out of state residents.  While it  may be difficult for a  Texas resident to satisfy the requirement of having been  actively engaged in shorthand  reporting as defined  in the  chapter, nothing in  the language  of  the provision  precludes  the availability of  this alternative  to a  Texas resident  who satisfies its requirements.

You suggest  that the  amendment should  be read  as  a reciprocity  provision  available  only  to  out  of    state

residents who apply for certification in Texas.[1]  To support this interpretation, you rely primarily on the bill analysis and testimony concerning Senate Bill 297.  The background information provided in the bill analysis states in part:

> There are several  problems with the  present statute relating to court reporters.  First, almost half of the  states provide for  reciprocal  certification  of  court  reporters. This  reciprocity  gives  court  reporters  a greater ability to relocate to other  states, as it removes  the need  to take  duplicative examinations.  Texas  does  not,  however, provide such reciprocity, creating a hardship for those court reporters  who move to  Texas and wish to practice their trade.

There is no further mention of reciprocity in the  bill analysis.  Neither the Purpose  portion nor the  Section-By-Section portion of the bill analysis refers to the provision as a reciprocity provision or suggests that the amendment is limited to applicants  from out of  state.  The Section-By-Section Analysis  characterizes the  addition of  subsection (e) as entitling  a person who  completes the  certification process to be certified to the supreme court.  Nor does  the fiscal note  that was  prepared  by the  Legislative Budget Board on this bill suggest such a limitation.

We are aware of the remarks made by the sponsor of  the bill and of  a witness who  testified in favor  of the  bill when it was presented in the Senate Jurisprudence Committee. Senator Caperton,  the  bill's  sponsor,  stated  that  the purpose of the amendment  was to allow "reciprocity  between court reporters  in  Texas  and other  states."   A  witness representing  the  Texas  Shorthand  Reporters  Association testified in pertinent part:

> The main  reason  we wanted  the  reciprocity portion of this bill was to enable  reporters coming from out  of state that  had passed  a national test . . . to be able to practice in Texas  without  being  penalized  until  the next . . . examination rolled around.

---

1.  A reciprocity provision is generally applicable  to persons who are licensed by another jurisdiction.  Licensing under section 52.021(e) does  not depend on the  applicant's having a license from another jurisdiction.

We do not disagree with these comments, but neither do we construe them as exhaustive or determinative. Neither the sponsor nor the witness testified that qualified Texas residents were excluded from the application of the amendment. More importantly, we do not believe that the plain language of this statute is overcome by this inconclusive legislative history. Had the legislature intended to limit the availability of this alternative certification method to out of state residents, it could easily have done so.[2]  In our opinion, the alternative method of certification provided by section 52.021(e) is available to all qualified applicants, regardless of their residence.

### S U M M A R Y

The application of section 52.021(e) of the Government Code is not limited to out of state applicants for certification as short-hand reporters.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General

---

2.  See, e.g., Ins. Code art. 21.07-4, § 4 (reciprocity provision for out of state insurance claims adjusters).